**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

WALTER LEE BOYD, #28942                                                                PETITIONER

VERSUS                                                    CIVIL ACTION NO.  3:10-cv-275-HTW-LRA

CHRISTOPHER B. EPPS, et al.                                                         RESPONDENTS

## MEMORANDUM OPINION AND ORDER

The Petitioner, an inmate currently incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 and requested in forma pauperis status.  The Petitioner filed an incomplete in forma pauperis application.  As a result, on May 14, 2010, an order [3] was entered directing the Petitioner to pay the required filing fee or file a completed in forma pauperis application on or before June 4, 2010. The Petitioner was warned in that order [3] that his failure  to timely comply with the requirements of the order may result in the dismissal of his case.  The Petitioner failed to comply with this order.

 On June 22, 2010, an order [4]  was entered directing the Petitioner to show cause on or before July 14, 2010, why this case should not be dismissed for his failure to comply with the Court's order [4] of June 22, 2010.  In addition, the Petitioner was directed to comply with the order [4] of June 22, 2010, on or before July 14, 2010.  The Petitioner was warned in the show cause order that his failure to timely comply with the requirements of the order would result in the dismissal of his case without further notice.  The Petitioner has not complied with the show cause order.

A final order to show cause [5] was entered on August 5, 2010, informing the petitioner that this was his final opportunity to comply with the order [3] of May 14, 2010.  In this final

order to show cause [5], the petitioner was directed to comply with the orders [3 & 4] entered on May 14, 2010, and June 22, 2010, respectively, on or before August 27, 2010. According to the docket entries and financial records, the petitioner has failed once again to comply.

The Petitioner has failed to comply with three Court orders. It is apparent from the Petitioner's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Link, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. Id. at 629-30.

The Petitioner has not complied with three court orders, nor has he contacted this Court since he filed the instant request for habeas relief on May 14, 2010. The Court concludes that dismissal of this action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Respondent has never been called upon to respond to the Petitioner's pleading and since the Court has never considered the merits of Petitioner's claims, the Court's order of dismissal will provide that dismissal is without prejudice. See Munday/Elkins Automotive Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 15th day of September, 2010.

>s/ HENRY T. WINGATE
>CHIEF JUDGE
>UNITED STATES DISTRICT COURT

Civil Action No. 3:10-cv-275-HTW-LRA
Memorandum Opinion